623 S.E.2d 651

**In the Matter of Eric B. LAQUIERE, Respondent.**

**No. 26081.**

Supreme Court of South Carolina.

Submitted Nov. 8, 2005.
Decided Dec. 19, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and C. Tex Davis, Jr., Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Eric B. Laquiere, of Charleston, pro se.

## PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and consents to the imposition of a letter of caution, admonition, or a public reprimand. We accept the agreement and issue a public reprimand. The facts, as set forth in the agreement, are as follows.

## *FACTS*

On May 8, 2004, respondent and his former girlfriend engaged in a verbal argument that eventually escalated into a physical altercation. Respondent represents he struck his ex-girlfriend with his hand one time, causing injuries to her face. The same day, respondent was arrested and charged with criminal domestic violence of a high and aggravated nature. Respondent pled guilty to criminal domestic violence, first offense, and paid the fine plus costs.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); and Rule 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving moral turpitude).[1] Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct) and 7(a)(4) (it shall be ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime).

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

## *CONCLUSION*

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur. WALLER, J., not participating.