# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Ralph James Wilson, Jr., Respondent.

Appellate Case No. 2022-000253

Opinion No. 28092
Submitted March 24, 2022 – Filed April 13, 2022

## PUBLIC REPRIMAND

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Kelly B. Arnold, both of Columbia,
for the Office of Disciplinary Counsel.

George M. Hearn, Jr., of Conway, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel have entered into an Agreement for Discipline by Consent
(Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
the imposition of a public reprimand or a definite suspension of up to nine months,
and agrees to pay costs.  We accept the Agreement and issue a public reprimand.
The facts, as set forth in the Agreement, are as follows.

## I.

Respondent was charged with felony first-degree domestic violence on January 24,
2021, and subsequently placed on interim suspension. *In re Wilson*, 432 S.C. 491,
854 S.E.2d 614 (2021).[1]  On December 6, 2021, Respondent entered a plea of no

---

[1] This Court later issued an order lifting Respondent's interim suspension. *In re
Wilson*, S.C. Sup. Ct. Order dated Feb. 7, 2022 (Howard Adv. Sh. No. 6 at 23).

contest to one count of third-degree simple assault. The facts supporting the plea indicate that Respondent willfully and unlawfully engaged in an argument with his wife which escalated to the point that it was reasonable for his wife to fear imminent harm. Respondent was sentenced to thirty days in jail, suspended upon payment of a $500 fine plus costs. On December 7, 2021, Respondent paid $1,183.26, thereby successfully completing the court-ordered requirements of his sentence.

Respondent admits his conduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(b) (prohibiting criminal acts that reflect adversely on fitness as a lawyer); and Rule 8.4(e) (prohibiting conduct that is prejudicial to the administration of justice). Respondent also admits his misconduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional Conduct is a ground for discipline); and Rule 7(a)(5) (providing conduct demonstrating an unfitness to practice law is a ground for discipline).

## II.

We find Respondent's misconduct warrants a public reprimand. *See In re Laquiere*, 366 S.C. 559, 623 S.E.2d 651 (2005) (publicly reprimanding a lawyer who pled guilty to criminal domestic violence following an argument in which the lawyer struck his ex-girlfriend in the face). Accordingly, we accept the Agreement and publicly reprimand Respondent for his misconduct. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by the Office of Disciplinary Counsel and the Commission on Lawyer Conduct.

**PUBLIC REPRIMAND.**

**KITTREDGE, Acting Chief Justice, FEW and JAMES, JJ., concur. BEATTY, C.J., and HEARN, J., not participating.**